## Ellis's Administrator *v.* The Planters' Bank.

By the statute of 1824, a party sued as the maker of a promissory note signed in his name by an agent, cannot deny the agency except by plea verified by oath; and pleading to the action without so denying the authority admits that the note was executed as declared on.

When an administrator would deny that an agent had authority to sign his intestate's name to a note, he must do so on oath.

The statute of this state provides that where the claim or defence of a party in a suit at law or in equity, or a material point thereof, depends on a single witness, the court, or the clerk in vacation, on the oath of the party, may award a commission to take a deposition *de bene esse*, although such witness be not about to depart, &c.; but such deposition cannot be read in evidence when the personal attendance of the witness can be had; and the party introducing the deposition must show that he has used diligence to procure the attendance of the witness, if within the reach of the process of the court.

IN ERROR from the circuit court of the county of Adams.

This was an action of assumpsit in the circuit court of Adams county, by the Planters' Bank *v.* Ellis's Administrator, on a note of Francis Routh for three thousand and thirty dollars, endorsed by Thomas G. Ellis, *per* Frederick Stanton; dated 24th November, 1836, due thirteen months after date. Plea, the general issue, not verified by oath.

Bill of exceptions taken upon the trial by plaintiffs in error showed that they objected to defendants in error reading the note to the jury, without proof of Stanton's authority to indorse the name of Ellis. Objection overruled by the court, and point reserved. The judge decided that the authority of Stanton must be denied on oath before the proof of it could be required.

Defendants in error then offered in evidence the deposition of James K. Cook, to prove the protest of the note at maturity and notice to Ellis, which deposition was taken under a commission issued on the affidavit of attorney of defendants in error that a ma-

terial point of their claim depended on Cook's testimony, which could not be proved by any other person. Deposition objected to on the ground that there was no proof of any diligence used, by subpœna or otherwise, to have Cook in person at the trial, it being admitted that he resided in the county, and had been within the jurisdiction of the court after taking deposition, and till a short time before trial, although then absent from the state. But the objection was overruled, and deposition then read to the jury and exceptions taken.

Verdict for plaintiff below, and defendants below prosecuted their writ of error.

Errors assigned:

1. That the court below erred in overruling the objection by the counsel of the defendants below to the reading of the note sued on in evidence, without proof of Stanton's authority to indorse Ellis's name on the note.

2. That the court below erred in overruling the objection by the counsel of defendants below to the deposition of James K. Cook, and allowing the same to be read in evidence to the jury.

McMURRAN for plaintiff in error.

The first question presented in this case to the consideration of the court, is, whether the court below did not err in its opinion that no proof of Stanton's authority to indorse Ellis's name on the note was requisite, to entitle a recovery against his administrator, inasmuch as the administrator had not denied that authority upon oath. We maintain that the provision of our statute will not bear the construction given by the court below. The most that can be contended for under it, is, that where the plea is not supported by the oath contemplated by the statute, the character of the party sued is admitted, and if the genuineness of the signatures is admitted, as in this case, it was admitted that Stanton indorsed Ellis's name on the paper. But the authority of Stanton to do so was not admitted. This required proof, just as notice to the indorser, or any other fact in making out the case, required proof. Besides, this was an action against administrators, and they, under the general issue, were entitled to the same defence, to the same advantages, and to the same proof on the part of the bank to make

out her case, as if they had put in a special plea upon oath. They are not required to plead specially in any case.

The other leading question involved in this case needs but to be stated, we conceive, to show the error in the decision of the court below. The deposition of James K. Cook, offered in evidence by the plaintiff below, was taken *de bene esse*, under the 114th sec. of the circuit court law, to be found ·in the Rev. Code, page 130. The affidavit, upon which the commission issued was made in pursuance of that section. And the deposition thus taken, was offered in evidence, without showing that Cook had been summoned, or any step taken to procure his attendance. At the same time it was shown to the court that he resided in the county where the court sat, that he was in the county after the taking of the deposition, and till a short time previous to court, but that he was then absent. Before this, the court overruled the objections of the counsel of defendants below to the introduction of the deposition, and allowed the same to be read as evidence.

The 114th section and the 113th section in regard to depositions *de bene esse*, are as to the admissibility of the deposition, just the same. The affidavit in either case must be made, and when the deposition is offered it must be shown that due diligence has been used to procure the attendance of the witness. The term, *de bene esse*, used in both sections, every body knows, imports only that the deposition may be used if the witness is dead or cannot be had, and without a subpœna for him, he is not to be had, the first step not being taken for his attendance.

If authorities be necessary in as plain a point as we insist upon, we will cite 4 Wash. C. C. Rep. 215–219 ; Pettibone *v.* Derninger, in which it is decided that, "where a deposition *de bene esse* is offered in evidence. The party offering it must prove that he had ·used due diligence to procure the attendance of the witness, and particularly that he had made inquiries at the last place of abode of the witness, in order to have him served with a subpœna."

Again, Peters Circuit C. Rep. 291–294 ; Lessee of Brown *v.* Galloway. This decision shows that it must appear affirmatively that the witness has been served with a subpœna, and from some sufficient cause does not ttend.

If the deposition of Cook can be read in evidence, as in this

case, without any showing whatever for his non-attendance, why it would put an end to all *viva voce* examination in court. Such a doctrine would virtually put an end to taking depositions *de bene esse.* It would in all such cases, be taking them in chief. We can come to but one conclusion on this subject, and that is, that before a deposition can be used in evidence under the 114th sec. referred to, the party offering it must show, either that the witness is dead, or that he has been subpœnaed, and that there is no probability of his being within the jurisdiction of the court again.

QUITMAN on the same side.

MONTGOMERY, for defendant in error.

1. The bill of exceptions shows that the defendant objected that the note should be read, until proof of the authority of Stanton to indorse the name of Ellis. It is averred in the declaration, that Thomas G. Ellis indorsed the note by the name and signature of Thos. G. Ellis, per Fred. Stanton, which is conformable to the indorsement on the note offered in evidence. The defendant should have denied the execution of the indorsement. How. & Hutch. 594, sec. 25. The last paragraph of this section embraces suits against administrators.

Second exception to the reading of James K. Cook's deposition. There is an affidavit that a material point of the plaintiff's claim depended on the testimony of Cook alone, and could not be proved by any other witness.

The deposition proves fully the demand of payment, protest, notice, and direction of Ellis to the notary to deposite all such notices to him in the post-office at Natchez. It was taken on interrogatories and cross interrogatories, and therefore no notice of the time and place of taking was necessary, in other words, it was waived. 2 Wend. Rep. 308.

The objections are, that Cook was a resident citizen of Natchez, and no subpœna had been served on him, or had issued. It was admitted that Cook was then absent from the state, but had been in the county after the deposition was taken, and a short time before the court was held. The statute prescribes the terms and

conditions on which such deposition shall be used.   How. & Hut. 603, sec. 18.

The requisitions of the statute have been fully complied with in the admission that Cook was absent from the state.   7 Wend. Rep. 26.

Revised Code, 60, exempts administrators from pleading specially, but may give special matter in evidence under the general issue.   Subsequent act requires he shall plead on oath.   If the statute last past had required all pleas to be sworn to, could an administrator plead the general issue without an oath?   4 Wash. C. C. Rep. 215,  Peters' C. C. Rep. 294.

Mr. Chief Justice SHARKEY delivered the opinion of the court.

The plaintiffs in error were sued on an indorsement made by their intestate on a promissory note.   The indorsement was made by Frederic Stanton, as attorney in fact for Ellis.   The reading *of the note* was objected to, because the power of attorney was not produced; but the objection was overruled, because defendants below had filed no plea denying the authority of Stanton, they having pleaded the general issue only.

The deposition of James K. Cook, taken under a commission, was also read; and this was objected to, because Cook was a citizen of the county in which the case was tried, and no steps had been taken to procure his attendance.

It is now assigned as error that the note and indorsements were improperly allowed to be read to the jury, without producing the power of attorney, and also that the court erred in permitting the deposition of Cook to be read in evidence.

By the rules of the common law, it would have been necessary to produce the power of attorney, but these rules are entirely changed by our statutory provisions.   The act of 1824 is believed to cover the case before us.   It declares that when a suit is founded on any writing, whether under seal or not, the court shall receive such writing as evidence of the debt, and it shall not be lawful for the defendant to deny the execution thereof, unless it be done by plea supported by affidavit.   The latter part of the same section seems to have been framed with a view to such a case as the present.   It provides that whenever any person, other than the person

purporting to have executed such writing, shall be defendant, the court shall receive such writing as evidence, unless the defendant shall make oath that he verily believes the said writing was not executed by the person by whom it is alleged to have been executed. How. & Hutch. Dig. 594. If this note had been indorsed by Ellis in person, then it surely would have been incumbent on the defendants, if they wished to deny the indorsement, to have done so by plea supported by affidavit. But they wished to have proof of the authority of Stanton. It is the indorsement of Ellis, if made by his attorney, as much as if he had made it himself; but it is not his indorsement if made without authority. The plea of non-assumpsit admits the making of the indorsement as alleged in pleading, and it is set out in the declaration as Ellis's indorsement made by procuration. It does not differ in principle from an indorsement made by Ellis in person; it is legally his indorsement, and so set out in the declaration. As such it must be evidence, unless denied by plea supported by affidavit. Here are persons defendants, who did not execute the instrument. But they admit that Ellis did make it, unless they deny by non-assumpsit or other plea, supported by affidavit, that it was executed by him as alleged. The affidavit puts the plaintiff on proof of the indorsement, in the same manner that the plea of non-assumpsit did at the common law. The power of attorney was necessary to make it a binding indorsement; of course it would have been incumbent on the plaintiff to prove the authority. Such an affidavit would put in issue, not only the indorsement of Stanton, but his power to indorse for Ellis. But without such affidavit the indorsement is admitted. Suppose Ellis were living and defending the suit, it is plain that he could not deny the indorsement except by plea under oath, and his administrators stand in the same situation.

But it is insisted that by the statute administrators are not bound to plead specially, and consequently that it was unnecessary for them to deny the indorsement under oath. It is true they are not bound to plead specially, and may give special matter in evidence under the general issue. This provision, however, does not change the rule of evidence which the law has prescribed for the plaintiff. It only enables them to do, under the general issue,

what they would otherwise have to do under a special plea. It enables them to make proof, not to demand it from the other side. There is no plea which puts the plaintiff on proof of a written contract, unless it be verified by oath. Administrators must call for such proof under oath, as well as others, or the plaintiff is not bound to give it. On the first assignment, then, we think the court decided correctly.

Was the deposition of Cook properly admitted? The deposition was taken in pursuance of the statute which provides that "if any party in a suit at common law or in chancery, shall make oath that he verily believes his claim or defence, or a material point thereof, depends on a single witness, the court, or the clerk in vacation, may award a commission to take the deposition of such witness, *de bene esse,* although such witness be not about to depart," &c. How. & Hutch. Dig. 602, sec. 14. The eighteenth section of the same act provides that every deposition taken in pursuance of the act, "shall be read and used, and deemed as good and competent evidence in the cause in which it shall be taken, as if such witness had been present and sworn or affirmed and examined *viva voce* in open court, if it appear to the satisfaction of the court that such witness is absent from or resides out of this state, or is dead, or by reason of age, sickness or bodily infirmity, or any other cause whatsoever, is unable to attend said court, but *not otherwise.*" This latter section is looked to as furnishing authority for the introduction of the deposition, but we regard it as furnishing none whatever. The first section referred to authorized the taking of the deposition *de bene esse;* that is, to be read on condition, or provided there was no legal objection to its use when offered. The statute provides a summary mode for perpetuating or securing evidence in a cause then pending, but when it declared that such deposition was to be taken *de bene esse,* it of course intended to place its admissibility upon the same grounds on which all depositions of that description are admissible. A deposition *de bene esse* can never be read when the personal attendance of the witness can be had; and the party introducing such a deposition must first lay a proper foundation for its introduction, by showing an effort to procure the attendance of the witness, for it can be used only on condition that a personal attendance cannot

21*

be procured.    The authority cited from 4 Wash. C. C. Rep. is directly in point, and many others might be cited to the same effect. The eighteenth section referred to does not authorize an unqualified introduction of such deposition.    On the contrary, it only provides that depositions taken in pursuance of the act shall be used as designed, and the design was that depositions taken under the fourteenth section should be used *de bene esse* only.    In fact, the latter section is even more explicit as to the extent to which it was designed to reach; for it declares that such deposition may be read if it appear to the satisfaction of the court that the witness is absent from or resides out of the state, or is dead, or by reason of age, bodily infirmity, sickness or other cause, is unable to attend, but not otherwise.    Now, the absence of Cook at the time of trial amounts to nothing.    He was a resident of the county and bound to obey a subpœna.    At all events it was the duty of the party to have had a subpœna served.    He cannot say until he has done this that he could not procure his attendance; and the deposition was only admissible on condition that the attendance of the witness could not be had.    Cook was not bound to remain in the state without a subpœna, but with a subpœna he was, and probably would have done so.    An absence from the state, by the neglect or procurement of a party, will not authorize him to read a deposition taken *de bene esse*.

For this reason the judgment must be reversed, and the cause remanded.